STATE of Missouri, Plaintiff/Respondent,

v.

David SALLEY, Defendant/Appellant.

David SALLEY, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 64568, 67324.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1995.

Lew Kolias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, David R. Truman, Asst. Attys. Gen., Jefferson City, for respondent.

Before REINHARD, P.J. and KAROHL and DOWD, JJ.

*ORDER*

PER CURIAM.

Defendant appeals from the judgment of conviction in this court-tried case for one count of kidnapping (Count I), § 565.110(4), RSMo 1986, one count of forcible rape (Count II), § 566.030, RSMo Supp.1991, four counts of forcible sodomy (Counts III, IV, IX & X), § 566.060, RSMo. Supp.1991, one count of first degree burglary (Count V), § 569.160, RSMo 1986, one count of first degree assault (Count VI), § 565.050, RSMo 1986, one count of first degree robbery (Count VII), § 569.020, RSMo 1986, one count of armed criminal action (Count VIII), § 571.015, RSMo 1986, and one count of second degree property damage (Count XI), § 569.100, RSMo 1986. He was sentenced to prison terms of ten years on Count I, life on Count II, to be served consecutively to the sentence in Count I, life on Count III, to be served consecutively to the sentences in Counts I and II, life on Count IV, to be served consecutively to the sentences in Counts I through III, ten years on Count V, to be served consecutively to the sentences in Counts I through IV, ten years on Count VI, to be served consecutively to the sentences in Counts I through V, thirty years on Count VII, to be served consecutively to the sentences in Counts I through VI, thirty years on Count VIII, to be served consecutively to the sentences in Counts I through VII, life on Count IX, to be served consecutively to the sentences in Counts I through VIII, life on Count X, to be served consecutively to the sentences in Counts I through IX, and six months on Count XI. Defendant also appeals the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We affirm.

We have reviewed the record and find the claims of error are without merit; the motion court did not clearly err in denying defendant's motion for post-conviction relief. An opinion would have no precedential value nor serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rules 30.25(b) and 84.16(b).